*612 COLEMAN, Judge,
dissenting.
Although I join Judge Benton in his dissent, I write separately in order to make clear my view of the Supreme Court’s holding in Yarborough. As I read that holding, the Supreme Court ruled that the circumstantial evidence tending to prove Yarborough had a firearm, which consisted of his saying “this is a stickup” and an object protruding from his right-hand pocket that the victim thought was a gun, was not sufficient to overcome the direct evidence that the item was not a firearm. The direct evidence was that Yarborough was arrested within minutes after the robbery, he had no weapon on him, and none was found in the search of the surrounding area. Yarborough had a chilled, unopened can of beer in one of his pockets. The fact finder could not reasonably conclude from the circumstantial evidence that Yarborough had a firearm in his pocket in view of the direct evidence that he only had a can of beer in the pocket.
Similarly, the circumstantial evidence that McBride used a firearm consisted of his telling the victim three times, “don’t turn around or I’ll shoot” and the victim feeling something push against his back. The blanket and plastic bottle that were found at the scene from which McBride fled was direct evidence that the object McBride used was a bottle, not a firearm. Accordingly, where the direct evidence was to the contrary, the fact finder could not reasonably infer from the circumstantial evidence that McBride used a firearm to commit the robbery.
This order shall be published and certified to the trial court.